UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 07-238-JBC

JUDY SMITH, PLAINTIFF,

V. **MEMORANDUM OPINION AND ORDER**

WAL-MART STORES EAST, LP, ET AL., DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the defendant's motion for summary judgment (R. 17). The court, having reviewed the record and being otherwise sufficiently advised, will deny the motion.

I. **Factual Background and Procedural History**

The plaintiff, Judy Smith, was shopping at the Nicholasville Road Wal-Mart in Lexington, Kentucky, on June 25, 2006, when she sustained various injuries due to a slip-and-fall accident. After completing her purchase at a register, Smith walked around the end of a counter, continued walking in the direction of the bathrooms, and slipped and fell in a puddle of water on the floor. On May 14, 2007, Smith brought this action against Wal-Mart Stores East, LP ("Wal-Mart"), and on July 24, 2007, Wal-Mart removed the case to this court.[1]

---

[1] The complaint states claims against "WalMart Stores, Inc. and John Doe's [sic] 1-5." However, an agreed order dated July 9, 2007, in Fayette Circuit Court, substituted Wal-Mart Stores East, LP, for Wal-Mart Stores, Inc. and dismissed all claims against WalMart Stores, Inc. Thus, the proper defendant is Wal-Mart Stores East, LP, and the plaintiff's claims against this defendant remain. *See* R. 1-7, at 9. The court will direct the Clerk to substitute the proper defendant in this court.

Smith states that the register where she made her purchase was about ten to fifteen feet away from the bathrooms in the store. She left the register, went around the end of the counter and started walking. As Smith walked, she watched the floor and kept her eye on some Wal-Mart employees to make sure they did not step in front of her, and then she fell. Smith states that the employees were "[s]tanding there yakking. They didn't try to stop me, didn't do or say nothing." Smith Deposition at 44, attached as exhibit 2 to R. 17, at 11.

The water machine is next to the store bathrooms. After Smith fell, a customer exited the bathroom and apologized to her, saying that he left a water jug filling at the water machine while he used the restroom because he thought he could get in and out of the restroom before the jug overflowed. The jug that was left unattended tipped over, according to the plaintiff, and water from the jug and the machine poured on the floor. After she fell, Smith saw that water was still flowing out of the machine.

The defendant moves for summary judgment on the plaintiff's claims and alleges that it is entitled to judgment as a matter of law.

## II. Standard of Review

Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The moving party can satisfy its burden by demonstrating an absence of evidence to support the non-movant's

case. *Id*. at 324-25. To avoid summary judgment, the non-movant must come forward with evidence on which a jury could reasonably find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The non-movant must present more than a mere scintilla of evidence to defeat a motion for summary judgment. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989); Fed. R. Civ. P. 56(e). The court must view all of the evidence in the light most favorable to the party opposing summary judgment. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

**III. Legal Analysis**

Under Kentucky law, a business is liable to its patrons for negligence if it "fails to use reasonable care under the circumstances to discover the foreseeable dangerous condition and to correct it or to warn customers of its existence." *Lanier v. Wal-Mart Stores, Inc.*, 99 S.W.3d 431, 437 (Ky. 2003).[2] "'Slip and fall' cases are traditionally based on the duty of care that a possessor of land owes to an invitee. 'A business visitor is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land.'" *Id.* (quoting Restatement (Second) of Torts § 332(3) (A.L.I. 1965)).

---

[2] A possessor of property is liable, to members of the public who are on the property for business purposes, "for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons if the possessor failed to exercise reasonable care to either: a) discover that such acts are being done or are likely to be done, or b) give warning adequate to enable the business visitors to avoid the harm, or otherwise protect them against it." *Id.* at 433.

The business owner has a duty to exercise reasonable care in inspecting the premises and protecting the invitee from foreseeable dangers. *Id.* (citing William Prosser & W. Page Keeton, *Prosser and Keeton on Torts*, § 61, at 425-26 (5th ed. 1984)). However, "a business is not an insurer of its patrons' safety and is not strictly liable for injuries suffered by a customer on its premises. . . . 'Rather, there must be negligence on the part of the business itself.'" *Lanier*, 99 S.W.3d at 436 (quoting *Stump v. Wal-mart Stores, Inc.*, 946 F. Supp. 492, 493 (E.D. Ky. 1996)). Once a plaintiff establishes that she was injured as a result of slipping on a foreign substance while conducting business on commercial premises, there is a rebuttable presumption of negligence. *Id.* at 432, 436-37. Thus, it is the business's burden to prove "the absence of negligence, *i.e.*, the exercise of reasonable care." *Id.*

The plaintiff alleges that she slipped and fell in a puddle of water on the floor of the defendant's business. She also claims that the water was a substantial factor in causing her fall and her resulting injuries. Finally, she states that the business was not in a reasonably safe condition for use by customers such as herself because of the water on the floor. *See Martin v. Mekanhart Corp.*, 113 S.W.3d 95, 98 (Ky. 2003). If the plaintiff can prove these allegations, then the burden shifts to the defendant to show that it acted with reasonable care.

The defendant states that its employees took adequate measures to correct the situation and to warn customers of the spill. Wal-Mart argues that it exercised reasonable care to protect its customers and that it did not breach its duty to

4

protect the plaintiff from foreseeable dangers. A Wal-Mart employee, Herlinda Stafford, heard the water running and saw the water spilling from the water-dispensing machine. According to the defendant, Stafford shut off the water and called a supervisor to help secure the area. Stafford and another Wal-Mart employee, Crystal Jordan, claim that they stood at the site of the spill, held up their arms, and told customers to go around them. Stafford states that she saw the plaintiff coming through her peripheral vision and called out to her, saying "ma'am," but that the plaintiff walked past Stafford's arm, slipped in the water and fell. Other employees, according to the defendant, were in the process of cleaning up the spill using a mop and bucket, and setting up cones. The defendant argues that the employees gave the customers, including the plaintiff, visual and verbal warnings by standing in the spill and directing people around the water. The defendant additionally states that the spill was on the ground for a brief period of time prior to the plaintiff's slipping in it.

The plaintiff stated that the woman who preceded her at the check-out register went through the same area but did not fall. The plaintiff also testified that there was still water spilling from the machine after she fell. Additionally, the man who admitted leaving the water jug unattended came out of the restroom after the plaintiff fell, apologizing and stating that he thought he would be finished before the jug finished filling at the machine.

Wal-Mart states that it did everything possible to make the premises safe and

5

warn customers in the short time period between the spill and the plaintiff's fall. Wal-Mart states that there was an insufficient amount of time to completely remove the water and that it acted reasonably under the circumstances. The defendant argues that it complied with all duties owed to the plaintiff by immediately discovering the hazard and warning the plaintiff about it.[3]

The plaintiff argues that the defendant's actions to correct the water spill and warn customers of its existence were inadequate. The plaintiff claims that the water was still coming from the spigot part of the water-dispensing machine after she fell, which contradicts Stafford's assertion that she turned off the machine. The plaintiff does not dispute that the Wal-Mart employees were standing in the water at the site of the spill. However, the plaintiff points out that they were facing inward toward the spill on either side of the water.[4] The plaintiff also states

---

[3] The plaintiff concedes that Wal-Mart employees were aware of the water on the floor before the plaintiff fell. There is not an issue regarding whether the defendant discovered the condition – the water on the floor – or whether it was dangerous.
  The plaintiff alleges that the water machine itself was an unreasonable and dangerous condition that Wal-Mart should have known about and that it failed to inspect for such a dangerous condition, which was readily discoverable. The plaintiff specifically argues that Wal-Mart had a duty to provide a draining system for the water-dispensing machine because the machine did not have an automatic cutoff and that it was reasonably foreseeable that a customer would allow the machine to overflow. Additionally, the plaintiff states that Wal-Mart failed to properly monitor and supervise the operation of the machine. However, the plaintiff does not cite any law or facts to support those arguments.

[4] Stafford testified that she and Jordan had their arms blocking the outer perimeter of the water and that each was watching behind the other person and letting the other know if somebody was coming near the spill. Stafford Deposition, at 15, attached as exhibit 2 to R. 17.

that the employees did not give her a verbal warning.  Thus Smith, according to her version of the facts, was not given visual or verbal warnings of the spill.

The defendant is entitled to summary judgment if its actions and warnings were adequate to fulfill its duty to the plaintiff.  The defendant has stated facts that, if true, would likely suffice to demonstrate the fulfillment of that duty.  However, the plaintiff disputes some of those material facts, and thus the defendant is not entitled to a judgment as a matter of law.[5]  Accordingly,

**IT IS ORDERED** that the defendant's motion for summary judgment (R. 17) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to substitute defendant Wal-Mart Stores East, LP, for WalMart Stores, Inc.

Signed on  February 9, 2009

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

---

[5] The defendant additionally argues that because this was such a large spill, a person did not need to be close to the spill to see the water.  Under Kentucky law, a possessor of property does not have a duty to warn against a danger that is known or obvious to the visitor.  *Bonn v. Sears, Roebuck & Co.*, 440 S.W.2d 526, 528 (Ky. 1969).  "[T]he term 'obvious' means that both the condition and the risk are apparent to and would be recognized by a reasonable man in the position of the visitor exercising ordinary perception, intelligence and judgment."  *Id.*  The plaintiff argues that because water is transparent, the spill was hard to see even if it was large.  The plaintiff states that she looked at the floor before she fell and did not see the water.  A reasonable jury could conclude that someone would not see a puddle of water, even if the spill was large.